```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION


BILLY SCOTT, JR.                                      PLAINTIFF


VS.                              CIVIL ACTION NO. 4:06CV104LS


T. WAYNE STEWART AND
FORTIS INSURANCE COMPANY                             DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Billy Scott, Jr. to remand pursuant to 28 U.S.C. § 1447. Defendant Fortis Insurance Company n/k/a Time Insurance Company (Fortis) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion to remand should be granted.

This case was filed by plaintiff Billy Scott, Jr., a citizen of Mississippi, in the Circuit Court of Noxubee County, seeking to recover damages resulting from defendant Fortis's denial of benefits under a policy of health insurance secured by plaintiff through defendant T. Wayne Stewart. Fortis removed the case, contending that Stewart, who is also a Mississippi citizen, was fraudulently or improperly joined to defeat diversity jurisdiction. Plaintiff timely moved to remand, asserting that

Stewart is a proper party, against whom a cognizable claim for relief has been stated, so that the case must be remanded.

To sustain its charge of improper joinder, Fortis has the burden to demonstrate that plaintiff would have no reasonable possibility of recovery in state court against Stewart, the resident/nondiverse defendant. See Smallwood v. Illinois Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In Smallwood, the Fifth Circuit identified two avenues for predicting whether a plaintiff has a reasonable basis of recovery under state law.

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6)-type challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood, 385 F.3d at 573. "When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party." Barahona Rodriguez v. Kivett's Inc., 2006 WL 2645190, *3 (S.D. Miss. Sept. 12, 2006) (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)).

Looking to his complaint, plaintiff alleges that in January 2004, he spoke with Stewart, an authorized agent of Fortis, about securing health insurance coverage. He contends that Stewart

2

never presented him with any health insurance application to complete, or undertook to get any background health information from him; rather, Stewart simply quoted him the premium for a 90-day temporary policy and upon plaintiff's payment of the $477 premium, Stewart assured plaintiff he had coverage under a Fortis policy. Not long thereafter, on February 7, 2004, plaintiff became ill and was admitted to the hospital where he was treated for food poisoning. The hospital subsequently submitted to Fortis a claim on behalf of plaintiff for $9,732. Fortis denied the claim and cancelled the policy on the basis that plaintiff had failed to disclose in the application for insurance that he had been previously diagnosed with diabetes mellitus.

In addition to claims against Fortis for breach of contract, tortious breach of contract, negligent infliction of emotional distress and negligent investigation, plaintiff has asserted a claim against Stewart for misrepresentation, alleging that Stewart, who knew that plaintiff had been diagnosed with diabetes and hence was ineligible for coverage with Fortis, failed to disclose this fact to plaintiff and instead repeatedly assured plaintiff that he was covered.

In the court's opinion, plaintiff's complaint states a cognizable claim against Stewart. Moreover, the evidence of record, including competing affidavits from Scott and Stewart, does not permit a conclusion that plaintiff has no reasonable

possibility of recovery against Stewart.  In response to plaintiff's motion, Fortis presented an affidavit from Stewart in which he denies plaintiff's allegations and affirmatively asserts that he asked plaintiff each of the health questions on the application and that plaintiff did not disclose to Stewart that he had been diagnosed with diabetes.  However, plaintiff has replied with his own affidavit attesting to the facts alleged in his complaint.  See Berry v. Hardwick, 152 Fed. Appx. 371, 374-375, 2005 WL 2652062, *3 (5th Cir. 2005) (explaining that under Smallwood, it is proper first to consider the allegations in the complaint, and if the plaintiff's allegations survive a Rule 12(b)(6)-type challenge, the court may consider evidence outside the pleadings).  Again, in resolving a defendant's charge of improper joinder, this court must resolve factual disputes in favor of the plaintiff, and doing so here leads the court to conclude that plaintiff's motion to remand must be granted.

Accordingly, it is ordered that plaintiff's motion to remand is granted.

SO ORDERED this 7th day of November, 2006.

/s/ Tom S. Lee  
UNITED STATES DISTRICT JUDGE

4